IRVING, P.J.,
for the Court:
¶ 1. Henry W. Welch and Susan Renee’ Vaughn Welch were married on September 9, 1983, in West, Mississippi. The Welches separated on December 23, 2004. Susan filed for divorce on January 11, 2005, alleging habitual cruel and inhuman treatment, or, in the alternative, irreconcilable differences. Susan later amended her complaint to include adultery as an additional ground for divorce. Henry filed a counterclaim for divorce, alleging adultery and habitual cruel and inhuman treatment. Alternatively, Henry sought a divorce on the ground of irreconcilable differences. The chancery court granted Henry a divorce based on Susan’s adultery. The chancery court then divided the couple’s marital property. Feeling aggrieved, Henry appeals and asserts that the chancery court erred in its classification of his 401 (k) retirement account as marital property.
¶ 2. Finding no error, we affirm.
FACTS
¶ 3. Henry has worked as a technician for AT & T and its subsidiaries since March 20, 1972. Over the course of his employment, Henry has participated in his company’s pension plan and has made contributions to a 401 (k) retirement account. Henry has participated in the pension plan since 1972. He started contributing to the 401(k) in 1999. On his Uniform Chancery Court Rule 8.05 financial statement, Henry valued the pension plan and the 401 (k) at $240,700 and $205,000, respectively.
¶ 4. The chancery court determined that $110,000 of Henry’s pension was his separate property. The court divided the remaining $130,700 equally between Henry and Susan, with each receiving $63,350. The court determined that the entire balance of Henry’s 401(k) was marital and divided $205,000 equally between Henry and Susan, with each receiving $102,500.
¶ 5. Additional facts, as necessary, will be related in our analysis and discussion of the issue.
ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 6. Henry argues that the chancery court erred in classifying his entire 401 (k) account as marital property. Henry contends that the appreciation in the account’s value following the couple’s separation should be classified as his separate property.
¶ 7. The standard of review in domestic-relations cases is limited. Wheat v. Wheat, 37 So.3d 632, 636 (¶ 11) (Miss.2010). Consequently, an appellate court will not disturb the chancery court’s findings unless such findings are manifestly wrong, clearly erroneous, or the court applied the wrong legal standard. Id.
¶ 8. “Assets acquired or accumulated during the course of a marriage are subject to equitable division unless it can be shown by proof that such assets are attributable to one of the parties’ separate estates prior to the marriage or outside the marriage.” Id. at 639 (¶ 22) (quoting *1135 Hemsley v. Hemsley, 639 So.2d 909, 914 (Miss.1994)). “Generally, for the purposes of classifying marital property, the marriage runs from the date of marriage until the [date of the] final judgment of divorce.” Id. at 637 (¶ 15).
¶ 9. However, the Mississippi Supreme Court has held that where an order for separate maintenance exists, assets acquired after the order should be considered the acquiring spouse’s separate property absent a showing of either “(1) contribution to the acquisition of the asset by the other spouse” or “(2) acquisition of the asset through the use of marital property.” Godwin v. Godwin, 758 So.2d 384, 386 (¶ 7) (Miss.1999). Additionally, this Court has recognized that assets accumulated after the entry of a temporary-support order are separate property. Pittman v. Pittman, 791 So.2d 857, 864 (¶ 18) (Miss.Ct.App.2001). In the absence of either a separate-maintenance order or a temporary-support order, marital assets continue to accumulate until the date of divorce. See id. at 863-64 (¶¶ 16-18).
¶ 10. While Susan filed a petition seeking temporary support and other relief, an order granting such temporary relief was never entered. Neither party sought separate maintenance. Therefore, marital assets continued to accumulate until the entry of the final judgment of divorce on March 25, 2011.
¶ 11. Nonetheless, Henry argues that the chancery court erred in classifying the entire balance of his 401 (k) account as marital property. Henry contends that the appreciation in the account’s value following the couple’s separation in 2004 should be classified as his separate property.[1] In support of his argument, Henry points out that the chancery court used the date of separation when classifying the marital and separate portions of other assets. Specifically, Henry directs this Court to the chancery court’s classification of his pension.
¶ 12. The chancery court determined that $110,000 of the $240,700 balance (or 46%) was Henry’s separate property. As Henry points out in his brief, this percentage is identical to the sum of the years that Henry contributed to the pension before the marriage (11) and the number of years the Welches were separated before the divorce (7) divided by the total number of years that Henry contributed to his pension (39). We note that the chancery court did not provide an explanation as to how it computed the marital and separate portions of Henry’s pension.
¶ 13. Based on the above, it is clear that the chancery court used the date of separation for purposes of classifying the marital and separate portions of Henry’s pension. However, Henry does not challenge the court’s classification of his pension; instead, he argues that the same approach should be applied to his 401(k). Therefore, according to Henry, the chancery court should have found that any appreciation in the balance of his 401 (k) account following the couple’s separation on December 23, 2004, was his separate property.
¶ 14. However, because there was no temporary-support order or separate-maintenance order entered in this case, the end date for the tallying of marital property was the date of the final judgment of divorce. Henry points out the inequity of awarding Susan one half of the entire value of his 401(k) given the Welches’ lengthy separation prior to divorce. However, this Court has previously held *1136 that a husband’s investment accounts were marital even though both accounts were opened after the couple separated and the husband was the sole contributor to the accounts. Stone v. Stone, 824 So.2d 645, 647 (¶ 6) (Miss.Ct.App.2002). This Court noted that even though the Stones were “separated and living apart prior to the divorce, [they] did not seek any order of separate maintenance[.]” Id. at 648 (¶ 7). Consequently, there was “no clear line of demarcation” after which the couple’s assets stopped being marital other than the date of the judgment of divorce. Id.
¶ 15. In Stone, the parties had been separated for over five years when the chancery court granted their divorce. Id. at 646 (¶¶ 1-2). Nonetheless, this Court held that property acquired during the separation was marital. While the Welches were separated for over seven years, we do not find that the length of their separation warrants a departure from our holding in Stone or existing supreme court precedent. As all of Henry’s contributions to the 401(k) account and its appreciation in value occurred during the marriage, the chancery court did not err in classifying the entire balance as marital property. This issue is without merit.
¶ 16. THE JUDGMENT OF THE CHANCERY COURT OF HOLMES COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, RUSSELL AND FAIR, JJ., CONCUR.

. When the parties separated, the balance in Henry’s 401(k) account was $120,069.37. By the time of trial, the balance had increased to approximately $205,000.